```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION
```

DARRELL FITZGERALD WATSON                                    PETITIONER

vs.                  Civil Case No. 5:06CV00176 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                            RESPONDENT

### **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Darrell Fitzgerald Watson, an inmate of the Arkansas Department of Correction. Petitioner was convicted on November 2, 2004, of aggravated robbery and theft of property and he received a sentence of 264 months. The Arkansas Court of Appeals affirmed his convictions on August 31, 2005. <u>Watson v. State</u>, NO. CACR 04-1398, 2005 WL 2093085 (Ark.App. Aug.31, 2005)(Respondent's Exhibit 4). The record does not reflect whether Petitioner sought

review before the Arkansas Supreme Court. He states he filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, which the trial court denied, and that he appealed that ruling. The Arkansas Supreme Court affirmed the dismissal in an unpublished per curiam opinion on October 5, 2006. Watson v. State, NO. CR 06-148, 2006 WL 2839248 (Ark.Sup.Ct. Oct.5, 2006).

The only ground Petitioner raises in the present petition is that his conviction is not supported by sufficient evidence. In support of this claim he alleges the victim admitted the area where the crime occurred was dark; the victim is extremely near-sighted and he was not wearing his glasses at the time of the crime; there was only one gun, which was held by an individual wearing a white cap who passed it to an individual in a plaid shirt and Petitioner could not have been either individual because he was wearing grey sweats when the police arrested him. Respondent admits Petitioner is in his custody, he has exhausted state remedies and the petition is timely.

Petitioner raised the sufficiency of the evidence claim in state court and, when the Arkansas Supreme Court considered the matter, it made the following statement:

> Aggravated robbery is committed when, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, a person employs or threatens to immediately employ physical force upon another and is armed with a deadly weapon or represents

that he is so armed. Ark.Code Ann. §§ 5-12-102; 5-12-103(a)(1) (Repl.1997). Theft of property may be committed by knowingly taking or exercising unauthorized control over the property of another person with the purpose of depriving the owner thereof. Ark.Code Ann. § 5-36-103(a)(1) (Supp.2003). To support a criminal conviction, the evidence, whether direct or circumstantial, must be substantial, i.e., of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. Jones v. State, 314 Ark. 289, 862 S.W.2d 242 (1993). We will affirm the decision of the trial court if it is supported by substantial evidence. Id.

Here, the victim testified that, as he was driving in the area of 500 Folsom in Little Rock shortly after midnight on October 18, 2002, he was dragged from his car and beaten by three men who demanded his possessions and threatened to kill him. He stated that the men were armed with a pistol that they passed among themselves during the robbery and assault, and that they stole his automobile, a diamond bracelet, his watch, and his cell phone. Finally, the victim positively identified appellant, stating that:

> I am absolutely certain that [appellant] was present. When I was robbed he took an active role in threatening me that evening. My property was taken that evening. I felt that my life was in danger. I am certain that this individual is the individual in the Court Room. I certainly did observe my cell phone being taken from this person.

We hold that appellant's conviction is supported by substantial evidence. When a witness makes a positive identification of a suspect, any challenge to the reliability of the identification becomes a matter of credibility for the fact finder to determine. Bowman v. State, 83 Ark.App. 223, 125 S.W.3d 833 (2003). Unequivocal testimony identifying the accused as the culprit is sufficient to sustain a conviction. Haynes v. State, 314 Ark. 354, 862 S.W.2d 275 (1993).

Watson v. State  2005 WL 2093085, *1 (Ark.App.,2005).

Federal habeas relief may not be granted on any claim addressed on the merits by a state court, unless the petitioner can establish the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1) and (2).  It is not necessary for the court to cite to any particular United States Supreme Court case "so long as neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. Early v. Packer, 537 U.S. 3 (2002) (per curiam).

The standard for reviewing a sufficiency of the evidence argument was established some time ago.  The United States Supreme Court held in Jackson v. Virginia, 443 U.S. 307 (1979), that a court must determine, after reviewing the evidence presented at trial in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Id. at 319.  The state is not required to rule out every hypothesis except guilt beyond a reasonable doubt and when evidence allows conflicting inferences a reviewing court must presume the jury resolved the conflicts in favor of the state. Jackson v. Virginia, 443 U.S. at 326; Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994).  Attacks on the reliability or credibility of witnesses generally do not amount to challenges to the sufficiency

5

of the evidence.  See Schlup v. Delo, 513 U.S. 298, 330 (1995); Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000).  Questions of credibility are for the jury to decide and a habeas court must presume the jury resolved any conflicting evidence concerning the credibility of witnesses in favor of the prosecution.  See Gibbs v. Kemna, 192 F.3d 1173, 1176 (8th Cir. 1999), cert. denied, 531 U.S. 846 (2000).

Here, Petitioner is not arguing that the victim's identification of him did not satisfy the statutory definition of the crimes for which he was tried.  Rather, he is merely attacking the victim's credibility.  As such, his allegations do not state a basis for habeas corpus relief, and I find the state court's decision denying relief on this claim was not contrary to, or an unreasonable application of, clearly established Federal law, and it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner's Motion for Default Judgment (DE #7) is denied, because Respondent filed his Response within the time limits of Rule 6(e) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 13th day of November, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge